# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-638V
### Filed: May 13, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ERIC PAPENFUSS, | * | |
| | * | |
| Petitioner, | * | Joint Stipulation on Damages; |
| | * | Tetanus-Diphtheria-acellular |
| | * | Pertussis ("Tdap"); Brachial |
| SECRETARY OF HEALTH | * | Neuritis; Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Randall Knutson, Knutson and Casey Law Firm, Mankato, MN, for petitioner.*
*Claudia Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Vowell**, Chief Special Master:

On July 21, 2015, Eric Papenfuss filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered brachial neuritis as the result of a tetanus-diphtheria-acellular pertussis ["Tdap"] vaccination. Petition at 1; Stipulation, filed May 11, 2015, ¶ 4. Petitioner further alleges that he experienced the residual effects of his injury for more than six months, has filed no other action for this injury, and has received no prior award or settlement. Petition, ¶¶ 11-12; Stipulation, ¶¶ 4-5. "Respondent denies that the Tdap vaccine caused petitioner's brachial neuritis, or any other injury, and denies that his current disabilities are sequelae of a vaccine-related injury." Stipulation, ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Nevertheless, the parties have agreed to settle the case.  Stipulation, ¶ 7.  On May 11, 2015, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to pay petitioner a lump sum of **$65, 000.00** in the form of a check payable to petitioner. Stipulation, ¶ 8.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  *Id*.

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

ERIC PAPENFUSS,                       )
                                      )
                   Petitioner,        )
                                      )
          v.                          )   No. 14-638V
                                      )   Chief Special Master Vowell
SECRETARY OF HEALTH AND HUMAN         )   ECF
SERVICES,                             )
                                      )
                   Respondent.        )
                                      )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Eric Papenfuss, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to - 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a Tdap immunization on April 27, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered brachial neuritis as the result of the administration of the Tdap vaccine, and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the Tdap vaccine caused petitioner's brachial neuritis, or any

1

other injury, and denies that his current disabilities are sequelae of a vaccine-related injury.

    7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

    8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $65,000.00 in the form of a check payable to petitioner, Eric Papenfuss. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

    9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

    10.  Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

    11.  The payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12.   The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.   In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on April 27, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about July 21, 2014, in the United States Court of Federal Claims as petition No. 14-638V.

14.   If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.   If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's brachial neuritis, or any other injury or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

ERIC PAPENFUSS

ATTORNEY OF RECORD FOR
PETITIONER:

RANDALL G. KNUTSON
~~PARRISH JOHNSON LAW OFFICE~~
~~1907 Excel Drive~~
~~Mankato, MN 56001~~
~~Tel: (507) 625-2525~~
Knutson Casey Law Firm
196 St. Andrews Dr., Suite 100
Mankato, MN  56001
Tel: (507) 344-8888

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

MELISSA A. HOUSTON, M.D., M.P.H., F.A.A.P.
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: 5 - 11 - 15

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

5